CITED *in Van Arsdale* v. *Van Arsdale*, 2 *Dutch.* 418–420.

---

LAW AND QUINN v. PLUME ET AL.

In case.    On Demurrer to Plea.

To a count in the declaration setting forth an agreement between the parties, to deliver a deed of conveyance of certain lands, on the first of May, at

which time the consideration money should be paid, the defendants plead that the plaintiffs appointed the 7th of March, in the same year for the execution of the contract, and that they the defendants were ready and offered to perform their part, on that day, but that the plaintiffs refused to perform theirs; without averring that the proposed alteration was agreed to by the defendants.

*Held,* that each party had the option or right to perform the contract on the day made in the original contract, which right could not be affected or taken away, without their direct assent. Neither party could alter the day of performance, without the other's consent.

*A. Whitehead* for demurrants.

*A. Gifford* and *Frelinghuysen* contra.

DAYTON, J. No abstract of the pleadings in this case having been furnished to me, I am compelled to gather the facts from the statements in the brief of the defendants' counsel.

The declaration, as I understand it, is founded upon and sets out a special agreement for the sale and conveyance of certain real estate entered into between parties to this suit, on the 3d of November, 1835. In consideration of a certain sum to be paid by the plaintiffs, the defendants bound themselves to convey certain lands *on or before* the 1st of May, 1836. The money to be paid on delivery of the deed.

The defendants pleaded that for the purpose of consummating the agreements, the plaintiffs proposed and appointed the 7th of March, 1836, at the house of the defendants, in the city of Newark, N. J., for the delivery of the deed. That the defendants were prepared at said time and place, and offered to deliver said deed to the plaintiffs, but that the plaintiffs though requested, did not and would not pay the purchase money, but refused so to do. To this plea, there is a special demurrer, and it is assigned for cause, that it is not averred there was any assent or agreement upon the part of the defendants, to the day and place named for carrying the agreement into effect.

The demurrer in my opinion is well taken. The covenants in the agreement are dependent; neither can recover against the other, without showing a performance or readiness to perform his part.

The agreement was to be performed *on or before* the first of

May, 1836.   This (i. e. the 1st of May) was the day upon which both parties were bound to be ready.   It was the last alternative ; if the agreement had not been performed before the 1st of May, it was by its terms to be performed *on* that day, if at all.   Neither party could take it upon themselves to say, without the assent of the other, it shall be performed before the last day named ; for it is evident that the time of the performance was stipulated for as well in favor of one party, as the other.   *Pothier on Ob.* 137. Each had the option or right to perform it on the last day named, which right could not be affected or taken away without his direct assent.   This is not a case where every thing to be done was on one side ; each party had his duties to be performed to the other. It is evident therefore that the plaintiff could not name or appoint a day prior to May 1st, which would be binding upon the defendants, except by their own assent and agreement, and if not binding upon the defendants, it would not, for want of mutuality, be binding upon the plaintiffs.   It was necessary therefore, that the defendants should have averred not only that a day was proposed or appointed by the plaintiffs, but that they assented and agreed thereto, thereby binding themselves, as well as the plaintiffs, to performance on the day named.   The allegation that the defendants were ready and willing to deliver a deed on that day, in pursuance of the plaintiffs' proposition, amounts to nothing, unless prior to that time, they distinctly agreed that they would so deliver it, the plaintiffs could not know, nor were they bound to be ready with the consideration money—the want of a distinct assent or agreement on the part of the defendants to accept the plaintiffs' proposition, or abide by their appointment, as it is called, may have been the very cause of the plaintiffs' not being ready with the consideration money on the day named.

Judgment must be entered for the demurrants with costs.

NEVIUS, J.   This is an action of assumpsit brought against the defendants, on an agreement in writing, signed by them, and dated the 3d day of November, 1835, whereby they promised to give a good, sufficient and warrantee deed, for a certain tract of land mentioned in said agreement, on the 1st day of May, 1836 ; on or before which, the purchase money was to be paid by the plaintiffs, on the delivery of the deed.

The declaration contains three counts, the first of which it is only necessary to notice. This avers that although the plaintiffs were ready and willing on the said 1st day of May, 1836, to perform all things on their part to be performed by said agreement and to pay the said purchase money and complete the purchase, whereof the defendants had notice, and were then requested to give to the said plaintiffs, a good and sufficient deed for said lands ; yet that they did not, nor would give such deed at that time or at any time since. By reason whereof &c.

The defendants, to this count have pleaded in substance, that the plaintiffs ought not to have &c., because &c. Protesting that they the defendants did not execute and deliver said agreement in manner and form as mentioned in said declaration, and protesting that they did not refuse to give a warrantee deed, contrary to said agreement, say that subsequent to the execution of said agreement, the plaintiffs in order to consummate the same, appointed a certain day, to wit : the 7th day of March, 1836, on which they proposed that the said deed should be delivered to them, according to said agreement, to be delivered at the defendants' house in Newark. And that the defendants according to said agreement, had prepared, executed and acknowledged in due form of law, a warrantee deed for said lands, as in said agreement mentioned ; and were then and there ready and offered to deliver the same to the said plaintiffs, to wit : on the 7th of March, 1836, aforesaid : but that the plaintiffs did not then and there, nor would they though requested by the defendants, pay the whole amount of money for said land, as in said agreement mentioned, but refused to do so. Wherefore &c.

To this plea, the plaintiffs have demurred and set down the following causes, to wit :

First, That the said defendants have not shown by their said plea, that the said appointment and proposition so alleged to have been made by the plaintiffs, were agreed to by said defendants, or that the plaintiffs and defendants agreed that said deed should be delivered on the 7th of March, 1836, at said place ; or that the defendants gave any notice to plaintiffs, that the said deed would be ready to be delivered on that day, and at the place mentioned in said plea.

Second, That it does not appear by said plea, at what time, or place the said appointment and proposal was made.

Third, That it is not shown by said plea, that said proposal therein mentioned, was made to the defendants, or accepted by them.

To this demurrer, the defendants have filed their joinder.

The declaration set forth an agreement by the parties, made on the 3d of November, 1835, to be performed on the 1st day of May, 1836, and avers a readiness and willingness on the part of the plaintiffs to perform their part of said agreement, to pay the purchase money and complete the purchase. That the defendants had notice of this, and were requested to give a good and sufficient deed for said lands.

The plea alleges by way of excuse for non-performance on their part, that the plaintiffs after the execution of said agreement, *appointed* another day on which they proposed that the deed should be delivered, and avers a readiness to deliver the deed on that day, and an offer to do so; but that the plaintiffs though requested, did not, nor would on that day, pay the money, but refused.

There can be no doubt but that it was competent and lawful for the parties to this agreement, by a subsequent parol agreement, to alter its terms and enlarge or diminish the time of its performance. But neither party could do so without the concurrence of the other. The appointment of another time and place for the consummation of the contract, by one of the parties to it, could not bind the other without his consent given to such appointment at the time it was made, and if not then agreed to, it was not binding on the party making it. Nor is it any answer to say that the defendants evinced such consent to said appointment, by being ready and willing on such appointed day, to fulfil their part of the contract. The plaintiffs had a right to know at the time their proposition was made, whether it was acceded to or not. The plea should have averred that the defendants agreed to such alteration of the day for the performance of the contract, at the time it was proposed. I am therefore of opinion that for the first and third causes assigned, the demurrer is well taken and must be sustained.

HORNBLOWER, C. J., and FORD, J, concurred. WHITE, J. delivered no opinion, not having heard the argument.

*Judgment for demurrants with costs.*